FILED
United States Court of Appeals
Tenth Circuit

**April 7, 2009**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

TWYLA TANNER,

      Petitioner - Appellant,

v.

MIKE MULLIN, Warden,

      Respondent - Appellee.

No. 08-7098
(E.D. Oklahoma)
(D.C. No. 6:06-CV-0232-RAW-KEW)

---

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

---

Before **LUCERO**, **MURPHY,** and **McCONNELL**, Circuit Judges.

---

Appellant, Twyla Tanner, seeks a certificate of appealability ("COA") from

this court so she can appeal the district court's denial of her 28 U.S.C. § 2254

habeas petition. *See* 28 U.S.C. § 2253(c)(1)(A) (providing no appeal may be

taken from a final order disposing of a § 2254 petition unless the petitioner first

obtains a COA). Because Tanner has not "made a substantial showing of the

denial of a constitutional right," this court **denies** her request for a COA and

**dismisses** this appeal. *Id*. § 2253(c)(2).

Tanner was convicted by an Oklahoma jury of embezzlement by bailee,

after former conviction of two or more felonies, and sentenced to forty-five years'

imprisonment. In her direct appeal to the Oklahoma Court of Criminal Appeals

("OCCA"), Tanner argued (1) the trial court erred when it refused to permit a defense witness to testify, (2) extraneous information presented to the jury denied her the right to a fair and impartial trial, (3) the evidence was insufficient to convict her, (4) her sentence was excessive, and (5) cumulative error deprived her of a fair trial. The OCCA modified Tanner's sentence to twenty years but denied relief on all other claims. Tanner filed an application for state post-conviction relief which was denied.

Tanner filed the instant § 2254 federal habeas petition on June 12, 2006, asserting the same five claims she raised on direct appeal and an additional claim that her conviction should be reversed because the statute under which she was convicted has been repealed. Applying the standard set forth in the Antiterrorism and Effective Death Penalty Act, the district court concluded the OCCA's adjudication of Tanner's sufficiency-of-the-evidence and cumulative error claims was not contrary to, nor an unreasonable application of clearly established federal law. 28 U.S.C. § 2254(d). The court determined Tanner's challenge to her sentence was moot and the claim relating to the trial court's discovery ruling did not raise a federal constitutional question, *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004). Finally, the court concluded Tanner's claim that the jury was influenced by extraneous information and her claim relating to the repeal of the statute she was convicted of violating were procedurally barred and Tanner failed to show cause for the default and actual prejudice or that the failure to review her

claims would result in a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

To be entitled to a COA, Tanner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, she must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotations omitted); *see also Slack v. McDaniel*, 529 U.S. 474, 484-85 (2000) (holding that when a district court dismisses a habeas petition on procedural grounds, a petitioner is entitled to a COA only if he shows both that reasonable jurists would find it debatable whether he had stated a valid constitutional claim and debatable whether the district court's procedural ruling was correct). In evaluating whether Tanner has satisfied her burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of her claims. *Miller-El* at 338. Although Tanner need not demonstrate her appeal will succeed to be entitled to a COA, she must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.* (quotations omitted).

This court has reviewed Tanner's application for a COA and appellate brief, the magistrate judge's report and recommendation, the district court's

order, and the entire record on appeal pursuant to the framework set out by the Supreme Court in *Miller-El* and concludes Tanner is not entitled to a COA. The district court's resolution of Tanner's claims is not reasonably subject to debate and the claims are not adequate to deserve further proceedings.

Because Tanner has not "made a substantial showing of the denial of a constitutional right," she is not entitled to a COA. 28 U.S.C. § 2253(c)(2). This court **denies** Tanner's request for a COA and **dismisses** this appeal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge